# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

---

### BAP NO. MW 99-110

---

### In re: ROBERT J. BRUNO,
### Debtor.

---

### SUSAN K. WALTON, CHAPTER 7 TRUSTEE,
### Plaintiff/Appellant,

### V.

### ROBERT J. BRUNO, INDIVIDUALLY AND AS TRUSTEE OF KAB REALTY TRUST AND CARLA M. BRUNO, INDIVIDUALLY AND AS TRUSTEE OF KAB REALTY TRUST,
### Defendants/Appellees.

---

### Appeal from the United States Bankruptcy Court
### for the District of Massachusetts, Western Division
### [Hon. James F. Queenan, Jr., U.S. Bankruptcy Judge]

---

### Before

### GOODMAN, HAINES and DEASY, U.S. Bankruptcy Judges.

---

**Jeffrey D. Ganz and Riemer & Braunstein, LLP for Appellant.**

**Robert V. Eberle for Appellee.**

---

**March 31, 2000**

---

**PER CURIAM.**

On December 1, 1999, the Bankruptcy Court entered a judgment wherein it found the following: (1) KAB Realty Trust held only record title to the property located at 6 Wildflower Lane, Weston, Massachusetts (the "Property") and that beneficial ownership of the Property was held by the Debtor and his wife, Carla M. Bruno; and (2) the Debtor and his wife held such beneficial ownership as tenants by the entirety. See Judgment dated December 1, 1999. The Chapter 7 Trustee appeals only the second ruling contained in the Bankruptcy Court's judgment; i.e., that the Debtor and his wife owned the Property as tenants by the entirety.[1]

A review of the record in this proceeding indicates that little substantive evidence was presented by the parties concerning the ownership character of the Debtor and his wife's interest in the Property. That issue does not appear to have been addressed by the parties at trial from either a factual or legal perspective. In addition, the Bankruptcy Court did not articulate its reasons for concluding that the Debtor and his wife owned the Property as tenants by the entirety. See, e.g., Transcript of Trial at 156-58. Therefore, there is nothing in the record upon which the Panel may conduct a reasoned review.

---

[1] Although counsel for both the Appellant and the Appellee appeared at the hearing on the Appellant's appeal, counsel for the Appellee was precluded from presenting argument given that he failed to file a brief.

Accordingly, the Bankruptcy Court's second ruling that the Debtor and his wife held the property as tenants by the entirety should be reconsidered against the backdrop of a full record concerning the issue.[2]

The Bankruptcy Court's ruling that the Debtor and his wife held the property as tenants by the entirety is VACATED and REMANDED to the Bankruptcy Court for further proceedings consistent with our decision.

---

[2] Because the Chapter 7 Trustee does not question the Bankruptcy Court's ruling that the Debtor and his wife, as opposed to KAB Realty Trust, held beneficial ownership of the Property, this Panel's decision has no effect on that ruling.